IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HUMBERTO BUSTILLO CARMONA,** **764829**, | § § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. **3:08-CV-2091-L** |
| **TEXAS COURT OF CRIMINAL APPEALS,** | § § | |
| Respondent. | § § § | |

# ORDER

Before the court is Petitioner Humberto Bustillo Carmona's Amended Petition for Writ of Habeas Corpus, filed November 12, 2009. United States Magistrate Judge Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 4, 2011. Petitioner filed no objections to the Report.

Petitioner seeks a court order requiring the Dallas County Courts to provide him with free copies of his trial records. The magistrate judge concluded that the petition lacked an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A because federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Dekalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Magistrate Judge Stickney therefore recommends that the court dismiss this action with prejudice as frivolous. The court agrees.

After conducting its own review of the petition and record, it is apparent that the court cannot provide the relief that Petitioner seeks. The petition lacks an arguable basis in law and dismissal is appropriate under 28 U.S.C. § 1915A. The court accordingly determines that the magistrate judge's

findings and conclusions are correct. They are **accepted** as those of the court. The court **dismisses with prejudice** the petition as frivolous pursuant to 28 U.S.C. § 1915A because Petitioner has failed to establish an arguable basis in law for the relief sought.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 21st day of March, 2011.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.